IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHAE BROS., LLC, et al., | : | |
| Plaintiffs, | : | |
| v. | : | Civil Action No. GLR-17-1657 |
| MAYOR & CITY COUNCIL OF BALTIMORE, | : | |
| | : | |
| Defendant. | | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Mayor and City Council of Baltimore's (the "Mayor and City Council") Motion for Reconsideration and Request that the Court Certify Questions of Law to the Court of Appeals of Maryland (ECF No. 91). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will deny the Motion.

### I. BACKGROUND[1]

On April 13, 2018, the Mayor and City Council filed a Motion for a Declaratory Judgment Regarding the Damage Cap ("Motion for Declaratory Judgment"), seeking a declaration that the Local Government Tort Claims Act's (the "LGTCA") damages cap, Md. Code Ann., Cts. & Jud. Proc. ["CJP"] § 5-303(a)(1) (West 2016), applies to Plaintiffs' Maryland Riot Act (the "Riot Act"), Md. Code Ann., Pub. Safety §§ 14-1001 et seq. (West

---

[1] The Court set forth the facts of this case in further detail in its March 30, 2018 Memorandum Opinion. (See ECF No. 55). The Court repeats only facts necessary to resolve the pending Motion.

2018), claims. (ECF No. 58). On December 18, 2018, the Court denied the Mayor and City Council's Motion. (ECF Nos. 87, 88). The Court concluded that the LGTCA damages cap did not apply to Plaintiffs' Riot Act claim because the Riot Act permits an injured party to recover "actual damages sustained" and because the LGTCA only repealed local government enactments that were inconsistent with its provisions. (Dec. 18, 2018 Mem. Op. at 6–7, ECF No. 87).

On January 2, 2019, the Mayor and City Council filed their Motion for Reconsideration and Request that the Court Certify Questions of Law to the Court of Appeals of Maryland. (ECF No. 91). Plaintiffs filed their Opposition on January 16, 2019. (ECF No. 92). On January 18, 2019, the Mayor and City Council filed their Reply. (ECF No. 95).

## II. DISCUSSION

As a threshold matter the parties dispute the appropriate standard of review. The Mayor and City Council contend that, as an interlocutory order, the standards that govern final judgments do not apply. Rather, the standard from American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 513–14 (4th Cir. 2003), regarding the evaluation of interlocutory orders is appropriate. Plaintiffs argue that American Canoe does not apply because the movant in that case did not invoke the Court's jurisdiction under the Declaratory Judgement Act, 28 U.S.C. § 2201 (2018). The Court agrees with Plaintiffs.

In American Canoe, the United States Court of Appeals for the Fourth Circuit explained that "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment" because

2

district courts "retain[ ] the power to reconsider and modify [their] interlocutory judgments . . . at any time prior to final judgment." 326 F.3d at 514–15. But "[t]rue declaratory judgments, like other final orders, trigger heightened standards for reconsideration." Id. at 514 (citing Fed.R.Civ.P. 59(e) and 60(b)). The Fourth Circuit noted that although the district court called its order a "declaratory judgment," it was more properly construed as a grant of partial summary judgment because the plaintiff "did not at any time invoke the court's jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201." Id. As a result, the Fourth Circuit considered the district court's grant of partial summary judgment "interlocutory in nature," and therefore applied the more relaxed standard for reconsideration of interlocutory orders, which permits a court, in its discretion, to reconsider any nonfinal order. Id. at 514–15.

In this case, by contrast, the Mayor and City Council brought their Motion under the Declaratory Judgment Act. (Mot. Decl. J. at 1, ECF No. 58). A declaratory judgment has "the force and effect of a final judgment or decree and shall be reviewable as such." Auto-Owners Ins. Co. v. Potter, 242 F.App'x 94, 100 (4th Cir. 2007) (quoting 28 U.S.C. § 2201(a)). The Court, therefore, concludes that its Order denying the Mayor and City Council's Motion for Declaratory Judgment is subject to the standards of review that govern final judgments. See Am. Canoe, 326 F.3d at 514 (citing Fed.R.Civ.P. 59(e) and 60(b)).

Further, as a final judgment under the Declaratory Judgment Act, this Court's Order is appealable. See In re Grand Jury Proceedings, 802 F.3d 57, 65 (1st Cir. 2015) (concluding that the appeals court had jurisdiction over a declaratory order under 28

3

U.S.C. § 2201 because it is a "final judgment"); Southworth v. Grebe, 124 F.3d 205, 1997 WL 411225, at *3 (7th Cir. 1997) (table) ("[I]f a plaintiff requests only declaratory relief and a court rules on that request, the decision is final and appealable."). Under Rule 62(d), a party may seek a stay pending appeal of a declaratory order. Auto-Owners Ins. Co., 242 F.App'x at 100.

The Federal Rules of Civil Procedure include two Rules that permit a party to move for reconsideration of a final judgment—Rules 59(e) and 60(b). See Fayetteville Inv'rs v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991). Rule 59(e) controls when a party files a motion to alter or amend within twenty-eight days of the final judgment. Bolden v. McCabe, Weisberg & Conway, LLC., No. DKC 13-1265, 2014 WL 994066, at *1 n.1 (D.Md. Mar. 13, 2014). If a party files the motion later, Rule 60(b) controls. Id.

Here, the Court entered its Order on December 18, 2018. The Mayor and City Council filed their Motion on January 2, 2019—fifteen days later. Accordingly, Rule 59(e) controls.

A district court may only alter or amend a final judgment under Rule 59(e) in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." United States ex rel. Carter v. Halliburton Co., 866 F.3d 199, 210 (4th Cir. 2017) (citing Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). A Rule 59(e) amendment is "an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)).

The Court properly denies a motion for reconsideration when none of the three circumstances are present. Jefferson v. Nat'l R.R. Passenger Corp., No. DKC 15-2275, 2015 WL 9311987, at *1 (D.Md. Dec. 23, 2015). Furthermore, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party.'" Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT 08CV501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)).

The Mayor and City Council argue the third ground for reconsideration—clear error of law.[2] With regard to this standard, if a motion "does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized." Medlock v. Rumsfeld, 336 F Supp.2d 452, 470 (D.Md. 2002) (quoting United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982)), aff'd, 86 F.App'x 665 (4th Cir. 2004). In addition, "mere disagreement" with a court's ruling is not enough to justify granting a motion for reconsideration. Lynn, 953 F.Supp.2d at 620 (quoting Sanders, 2011 WL 4443441, at *1). Rather, to justify granting a motion for reconsideration on the basis of clear error, "the prior judgment cannot be 'just maybe or probably wrong; it must . . . strike the court as wrong with the force of a five-week-old, unrefrigerated dead fish.'" Fontell v. Hassett, 891 F.Supp.2d 739, 741 (D.Md. 2012) (alteration in original) (quoting TFWS, Inc. v. Franchot, 572 F.3d 186, 194

---

[2] The Mayor and City Council also raise manifest injustice, but they do not advance an argument on that basis. Even if they had done so, the argument would fail. To show manifest injustice, a party must establish an error that is "direct, obvious, and observable." Register v. Cameron & Barkley Co., 481 F.Supp.2d 479, 480 n.1 (D.S.C. 2007). The Mayor and City Council do not point to such an error in the Court's decision, and the Court finds none. Accordingly, the Court's Order does not warrant reconsideration on this basis.

(4th Cir. 2009)). In other words, the Court's previous judgment must be "dead wrong." Franchot, 572 F.3d at 194 (quoting Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988)). Further, a "'factually supported and legally justified' decision does not constitute clear error." Lawley v. Northam, No. ELH-10-1074, 2013 WL 4525288, at *1 (D.Md. Aug. 23, 2013) (quoting Hutchinson v. Staton, 994 F.2d 1076, 1081–82 (4th Cir. 1993)).

The Mayor and City Council raise two arguments for reconsideration. First, the Mayor and City Council contend that, under Maryland law, the LGTCA damages cap clearly applies to all tortious acts and omissions, including Riot Act claims. Second, they assert that the LGTCA and Riot Act are "readily harmonized," and to the extent that a conflict exists between the two, the LGTCA controls. (Def.'s Mot. Reconsid. at 6, ECF No. 91). As a result, the Mayor and City Council argue, the Court should vacate its Order denying their Motion for Declaratory Judgment and certify questions of law regarding whether the LGTCA damages cap applies to Riot Act claims to the Court of Appeals of Maryland.[3] The Court is not persuaded for at least two reasons.

---

[3] The Mayor and City Council ask the Court to certify the following two questions of law to the Court of Appeals of Maryland:

1. Whether the Local Government Tort Claims Act's damages cap, Md. Code Ann., Cts. & Jud. Proc. § 5-303(a)(1), which limits the total liability of a local government for damages resulting from tortious acts or omissions, applies to claims brought pursuant to the Maryland Riot Act, Md. Code Ann., Pub. Safety § 14-1001, et seq.; and, if so,

First, the Mayor and City Council either actually raised or could have raised these arguments in their briefs supporting the Motion for Declaratory Judgment. With regard to the first argument, the Mayor and City Council, relying on the same statutory provisions and case law as in their Motion for Declaratory Judgment, again argue that the LGTCA damages cap applies to Riot Act claims.[4] (Compare Def.'s Reply Pls.' Opp'n Mot. Decl. J. at 1–7, ECF No. 78, with Def.'s Mot. Reconsid. at 3–8). As to the second argument, in their Motion for Declaratory Judgment, the Mayor and City Council argued, without citing any law, that damages caps "apply to causes of action . . . that were created before the enactment of the cap [and] do not 'repeal' the previous cause of action." (Def.'s Reply at 2, ECF No. 78). In their present Motion, the Mayor and City Council now advance a twofold argument: (1) that the Riot Act merely specifies the type of damages recoverable—actual damages—and the LGTCA damages cap limits the amount of damages recoverable; and (2) that because the LGTCA is a more recent enactment than the Riot Act, the

---

2. Whether such application of the damages cap to claims brought under the Maryland Riot Act violates any provision of the Maryland Constitution.

(Def.'s Mot. Reconsid. at 1–2).

[4] For example, the Mayor and City Council again cite Green v. N.B.S., Inc., 976 A.2d 279 (Md. 2009), for the proposition that the LGTCA damages cap applies to statutory torts, like the Riot Act. As the Court explained in its Memorandum Opinion, Maryland's appellate courts "have not . . . extended the LGTCA damages cap to statutory torts," (Dec. 18, 2018 Mem. Op. at 5), and the Mayor and City Council's reliance on Green is "misplaced," (id. at 5 n.6). The Court further explained that Green involved the damages cap for personal injury actions, CJP § 11-108 (2006 Repl. Vol.), not the LGTCA damages cap, and that the two damages caps have different purposes. (Id.). The fact that the Mayor and City Council again cite to and advance an argument based on Green supports the Court's conclusion that they merely seek to relitigate their Motion for Declaratory Judgment.

7

LGTCA's damages cap impliedly repeals the Riot Act's damages provision. These are arguments the Mayor and City Council could have raised in their Motion for Declaratory Judgment. The arguments reveal that, in essence, the Mayor and City Council disagree with the Court's ruling and merely seek to relitigate it. This is not a valid use of a motion for reconsideration, see Lynn, 953 F.Supp.2d at 620 (quoting Sanders, 2011 WL 4443441, at *1), and the Mayor and City Council's arguments do not establish a clear error of law, see Allegis Grp., Inc. v. Jordan, No. GLR-12-2535, 2017 WL 877271, at *2 (D.Md. Mar. 6, 2017) (granting the plaintiffs' request for reconsideration where the Court applied the unjust enrichment and quasi-contract restitution standard to the plaintiffs' breach of contract claims).

Second, the Mayor and City Council's arguments are logically inconsistent. They first argue that the Court erred in reaching its conclusion that the LGTCA damages cap does not apply to Riot Act claims because the law is clear that it does. They then assert that because the law is unclear, the Court should certify their questions, which present novel issues of Maryland law regarding whether the LGTCA damages cap applies to Riot Act claims, to the Court of Appeals of Maryland. In essence, the Mayor and City Council maintain that the LGTCA damages cap's applicability to Riot Act claims is settled law on the one hand, and that it is a novel issue of Maryland law on the other. Indeed, they concede that they should have requested certification of their questions before the Court expended time and energy resolving their Motion for Declaratory Judgment. The Court, therefore, is not persuaded that it made a clear error of law in concluding that the LGTCA damages cap does not apply to Plaintiffs' Riot Act claims.

Thus, the Court concludes that the Mayor and City Council do not establish a clear error of law that would warrant reconsideration of the Court's Order denying their Motion for Declaratory Judgment. Because the Court concludes that reconsideration of its Order is not warranted, the Court will deny the Mayor and City Council's request to certify questions of law to the Court of Appeals of Maryland. Accordingly, the Court will deny the Mayor and City Council's Motion.

### III. CONCLUSION

For the foregoing reasons, the Court will deny the Mayor and City Council's Motion for Reconsideration and Request that the Court Certify Questions of Law to the Court of Appeals of Maryland (ECF No. 91). A separate Order follows.

Entered this 5th day of March, 2019.

/s/
George L. Russell, III
United States District Judge