IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |
|---|---|
| CHAE BROTHERS LIMITED LIABILITY COMPANY, *et al.*,<br><br>　　　Plaintiffs,<br><br>v.<br><br>MAYOR & CITY COUNCIL OF BALTIMORE, *et al.*,<br><br>　　　Defendants. | Civil Action No. 1:17-cv-01657-SAG |

**JOINT MOTION
TO MODIFY SCHEDULING ORDER**

All Plaintiffs ("Plaintiffs") and Defendant Mayor and City Council of Baltimore ("Defendant," and, collectively with Plaintiffs, the "Parties"), by and through their respective undersigned counsel, hereby jointly move to extend several deadlines set forth in this Court's Order entered on May 8, 2020 [ECF No. 113], and in support thereof, state as follows:

1. The Scheduling Order, as amended, currently consists of the following deadlines:

　　Discovery Deadline; Submission of Status Report: November 2, 2020

　　Request for Admission: November 9, 2020

　　Dispositive Pretrial Motions Deadline: December 3, 2020

2. The Parties respectfully request that this Court extend these deadlines, as more specifically set forth below.

3. To date, the Parties have worked in good faith to exchange written discovery responses and documents. Indeed, there are nearly seventy (70) Plaintiffs, all of whom individually and separately have worked with counsel to gather facts and documents, formulate

responses, and execute responses to Interrogatories. Defendant, a governmental agency, has also gathered facts and documents, and formulated responses, while coordinating efforts of various agencies and individuals, many of whom are no longer employed by the Defendant.

4. Due to these required efforts, the Parties agreed to a rolling production of written discovery responses and documents. Plaintiffs provided extensive written discovery responses and collections of documents, all of which also required review by Defendant. In addition to providing written discovery responses, Defendant produced over 150,000 pages of documents and multiple days-worth of audio recordings, which also required review by Plaintiffs. Plaintiffs also received a significant amount of materials from third parties who were subpoenaed.

5. Importantly, discovery efforts have been hampered by events outside the control of the Parties. For several months in 2019, Defendant's efforts were hampered and discovery was delayed by the well-publicized ransomware attack on the City of Baltimore, which left Defendant's counsel without access to e-mails, calendars, and files for a prolonged period of time. Additionally, while the Parties had begun taking depositions, the progression of taking depositions was delayed by the failure of one deponent to appear on two occasions for his depositions, and the resulting motions practice that followed. *See* ECF Nos. 98 – 100, 102, 108 – 109.

6. Issues related to the covid-19 pandemic have further delayed the Parties' attempts to complete depositions. Under the Order setting forth this Court's Covid-19 Pandemic Procedures and entered by this Court on April 10, 2020, discovery in civil cases was permitted to proceed as scheduled, "provided that all parties agree to continue with discovery, and that the conduct of discovery does not involve conduct by counsel or the parties that would contravene public health orders or directives issued in response to the COVID-19 pandemic."

7. Initially, all Parties agreed that depositions should not proceed, and that conducting depositions would, among other things, contravene social distancing guidelines and other public health orders and directives issued to ensure the safety of the public. Indeed, at that time, conducting depositions would have required third-party process servers to personally serve deponents – many of whom are third parties – and arrange for depositions that would require deponents, counsel for the parties, court reporters, videographers, and potentially interpreters to attend in person and in close physical proximity. The Parties agreed that remote video depositions were not practicable at that time. Additionally, Baltimore City offices were (and still are) closed, further complicating matters.

8. The Parties now wish to move forward and complete taking depositions – by taking remote depositions in some cases and in-person depositions with appropriate precautions taken (e.g., plexiglass barriers) in others – and request more time to do so. Many of those the Parties wish to depose are no longer employed by the City, the Baltimore City Police Department, and/or the State. As such, locating these persons and scheduling depositions is taking more time than previously expected. At least one deposition may have to be taken in another State, and Plaintiffs have been engaging in good-faith discussions regarding disputes over another third-party deposition they would like to take. Importantly, as noted above, there are nearly seventy Plaintiffs in this action.

9. Accordingly, for the foregoing reasons, the Parties jointly request that this Court extend the deadlines in the Scheduling Order as follows:

        Discovery Deadline; Submission of Status Report: <u>February 2, 2021</u>

        Request for Admission: <u>February 9, 2021</u>

        Dispositive Pretrial Motions Deadline: <u>March 3, 2021</u>

Date:  September 30, 2020            Respectfully submitted,


/s/ Peter K. Hwang
Peter K. Hwang, Esq.
    District Court Bar No. 19052
Sung & Hwang LLP
9256 Bendix Road, Suite 109
Columbia, MD 21045
(410) 772 2324
(410) 772 2328 (fax)
phwang@sungandhwang.com

Ray M. Shepard, Esq.
    District Court Bar No. 09473
The Shepard Law Firm, LLC
122 Riviera Drive
Pasadena, MD 21122
(410) 255 0700
(443) 773 1922 (fax)
Ray@Shepard.Law

*Counsel for Plaintiffs*



/s/ Sara E. Gross
Sara E. Gross, Chief Solicitor
    District Court Bar No. 27704
Doris N. Weil, Assistant Solicitor
    District Court Bar No. 19679
Matthew Bradford, Assistant Solicitor
    District Court Bar No. 20849
Baltimore City Department of Law
100 North Holliday Street
Baltimore, MD 21202
(410) 396 3947
(410) 927 1152 (fax)
sara.gross@baltimorecity.gov

*Counsel for Defendant Mayor and City Council of Baltimore*

**CERTIFICATE OF SERVICE**

      Pursuant to Fed. R. Civ. P. 5(b)(2)(D) and the Local Rules, I hereby certify that a copy of the foregoing was served via the Court's ECF system, this 30th day of September 2020 on:

Sara E. Gross
Doris N. Weil
Matthew Bradford
Baltimore City Department of Law
100 N. Holliday Street
Baltimore, Maryland 21202

*Counsel for Defendant Mayor and City Council of Baltimore*

                                          /s/ Peter K. Hwang
                                          Peter K. Hwang